# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | § §  § |
| vs. | § §  § § § |
| JUSTIN LAMARK PORTER (3) | § § § |

CASE NO. 6:12-CR-59

## REPORT AND RECOMMENDATION
## ON REVOCATION OF SUPERVISED RELEASE

On February 13, 2019, the Court held a final revocation hearing on a Petition for Warrant or Summons for Offender under Supervision. The Government was represented by Assistant United States Attorney Frank Coan. Defendant was represented by Assistant Federal Defender Ken Hawk.

*Background*

After pleading guilty to the offense of Conspiracy to Possess with Intent to Distribute at Least 112 Grams but Less Than 196 Grams or More of a Mixture or Substance Containing Cocaine Base "Crack" (lesser offense), a Class B felony, Justin Lamark Porter ("Defendant") was sentenced on January 31, 2014 by United States District Judge Michael H. Schneider. This offense carried a statutory maximum imprisonment term of 40 years. The guideline imprisonment range, based on a total offense level of 25 and a criminal history category of II, was 63 to 78 months. Defendant was sentenced to 63 months of imprisonment followed by a 4-year term of supervised release subject to the standard conditions of release, plus special conditions to include financial disclosure and participation in drug abuse testing and treatment. Judge Schneider reduced Defendant's

1

sentence to 60 months of imprisonment pursuant to 18 U.S.C. § 3582(c)(2) on January 21, 2015. Defendant completed his term of imprisonment and began his term of supervised release on December 8, 2016. On February 5, 2019, the case was transferred to United States District Judge Jeremy Kernodle.

*Allegations*

In the petition seeking to revoke Defendant's supervised release, filed on January 16, 2019, United States Probation Officer Glenn Filla alleges that Defendant violated the following conditions of supervised release:

1. **Allegation 1 (mandatory condition): The defendant shall not commit another federal, state, or local crime.** It is alleged that Defendant was arrested on December 20, 2017 by an Overton police officer for Assault Causing Bodily Injury Family Member (Class A Misdemeanor). It is also alleged that Defendant was arrested by a Henderson police officer on December 18, 2018 for Assault Causing Bodily Injury Family Member (Class A Misdemeanor).

2. **Allegation 2 (standard condition 7): The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician.** It is alleged that Defendant admitted that he used methamphetamine on or about February 4, 2018.

3. **Allegation 3 (standard condition 9): The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer.** It is alleged that Defendant associated with persons who were using illegal substances on December 20, 2017, and associated with a convicted felon without permission from the probation officer on December 18, 2018.

4. **Allegation 4 (special condition): The defendant shall participate in a program of testing and treatment for drug abuse, under the guidance and direction of the U.S. Probation Office, until such time as the defendant is released from the program by the probation officer.** It is alleged that Defendant did not attend substance abuse treatment appointments on December 26, 2018; January 2, 2019; and January 9, 2019.

*Applicable Law*

According to 18 U.S.C. § 3583(e)(3), the Court may revoke the term of supervised release and require a Defendant to serve in prison all or part of the term of supervised release without credit for the time previously served under supervision, if it finds by a preponderance of the evidence that Defendant violated a term of supervised release. Supervised release shall be revoked upon a finding of a Grade A or B supervised release violation. U.S.S.G. § 7B1.3(a)(1). In the present case, Defendant's original offense of conviction was a Class B felony. Accordingly, the maximum sentence the Court may impose is 3 years of imprisonment. 18 U.S.C. § 3583(e).

Under the Sentencing Guidelines, which are non-binding,[1] if the Court finds by a preponderance of the evidence that Defendant violated his conditions of supervised release by possessing methamphetamine as alleged in the petition, he is guilty of a Grade B violation. U.S.S.G. § 7B1.1(a). Defendant's original criminal history category was II. The Guidelines, therefore, provide that Defendant's guideline range for a Grade B violation is 6 to 12 months of imprisonment.

If the Court finds by a preponderance of the evidence that Defendant violated his conditions of supervised release by committing the alleged misdemeanor offenses, having contact with a convicted felon without permission, associating with people involved in criminal activity and failing to attend substance abuse counseling as alleged in the petition, he is guilty of a Grade C violation. U.S.S.G. § 7B1.1(a). With Defendant's original criminal history category of II, the Guidelines provide a guideline range of 4 to 10 months of imprisonment.

---

[1] The United States Sentencing Guidelines as applied to revocations of supervised release "have always been non-binding, advisory guides to district courts in supervised release revocation proceedings." *United States v. Brown*, 122 Fed.Appx. 648, 2005 WL 518704, slip op. p.1 (citing *United States v. Davis*, 53 F.3d 638, 642 (5th Cir.1995)); see also *United States v. Mathena*, 23 F.3d 87 (5th Cir.1994) (policy statements contained in Chapter 7 of the Sentencing Guidelines applicable to sentencing a defendant upon revocation of supervised release are advisory only.).

*Hearing*

On February 13, 2019, Defendant appeared for a final revocation hearing. Assistant United States Attorney Frank Coan announced that Defendant and the Government reached an agreement for Defendant to enter a plea of true to Allegation 2 in the petition and to jointly request a sentence of 10 months of imprisonment, with no further supervised release. After the Court explained to Defendant his right to a revocation hearing, he waived his right to a revocation hearing and entered a plea of "true" to Allegation 2 in the petition. Defendant requested a recommendation to the Bureau of Prisons to confine him at FCI Seagoville to facilitate family visitation.

*Findings and Conclusions*

I find that Defendant is competent and that his plea and waiver of the revocation hearing was knowingly and voluntarily made. I accept Defendant's plea and find by a preponderance of the evidence that Allegation 2 in the petition is true. Defendant is guilty of a Grade B supervised release violation. I further find and conclude that Defendant's term of supervised release should be revoked and that he should be sentenced to 10 months of imprisonment, with no further supervised release. Any criminal history monetary penalties previously ordered in the final judgment should be imposed in this revocation, with all payments collected credited towards outstanding balances.

**RECOMMENDATION**

In light of the foregoing, it is recommended that Defendant's plea of true to Allegation 2 in the petition be **ACCEPTED** and that Defendant's term of supervised release be **REVOKED**. It is further recommended that Defendant be sentenced to 10 months of imprisonment, with no further supervised release. Any criminal monetary penalties previously ordered in the final judgment should be imposed in this revocation, with all payments collected credited towards

outstanding balances.  It is finally recommended that the Court request the Bureau of Prisons to designate Defendant to FCI Seagoville.

Before the conclusion of the hearing, the undersigned announced the foregoing recommendation and notified Defendant of his right to object to this Report and Recommendation and to be present and allocute before being sentenced by the Court.  Defendant waived those rights and executed a written waiver in open court.  The Government also waived its right to object to the Report and Recommendation.  It is therefore recommended that the Court revoke Defendant's supervised release and enter a Judgment and Commitment for him to be sentenced to 10 months of imprisonment, with no further supervised release.

So ORDERED and SIGNED this 13th day of February, 2019.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE